Per curiam.
Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young , 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to online solicitation of a minor and, after a period of deferred adjudication, was sentenced to three years' imprisonment. He did not appeal his conviction.
This Court, in Ex parte Lo , held unconstitutional the online solicitation of a minor statute for which Applicant was convicted. Ex parte Lo , 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant filed this habeas application *562 based on the Lo decision and asks that his conviction be set aside.
Relief is granted. The judgment in Cause No. 12,069 JD in the 1A Judicial District Court of Jasper County is set aside and Applicant is remanded to the custody of the Sheriff of Jasper County to answer the charges as set out in the information so that the information may be disposed of in accordance with this Court's opinion in Ex parte Lo. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.
Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.
Yeary J. filed a concurring opinion.
Newell, J. filed a concurring opinion in which Keller P.J., Hervey and Richardson, JJ., joined.
Yeary, J., filed a concurring opinion.
CONCURRING OPINION
The Court today grants post-conviction habeas corpus relief on the ground that Applicant was convicted under a statute after the statute was declared unconstitutionally overbroad. See Majority Opinion (granting habeas relief based upon Ex parte Lo , 424 S.W.3d 10 (Tex. Crim. App. 2013) ). I agree that relief is appropriate in this case, but only based on Applicant's claim of ineffective assistance of counsel.
This case is different from previous cases in which the Court has granted retroactive relief pursuant to Ex parte Fournier , 473 S.W.3d 789 (Tex. Crim. App. 2015).[1] Here, Applicant is requesting prospective relief from his conviction because the statute was declared unconstitutional before he was charged and convicted, and even before his conduct alleged to be an offense occurred.[2] A defendant may not properly be charged or convicted under a statute after the statute has been declared facially unconstitutional. See Reyes v. State , 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) (explaining that a facially unconstitutional statute "is void from its inception" and, in criminal law, the statute "is to be considered no statute at all"). A defense attorney who fails to raise the issue, under the circumstances presented here, is certainly ineffective under the Sixth Amendment. See Smith v. State , 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (citing Marin v. State , 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (en banc) ("A category-one 'absolute requirement and prohibition' right includes the right to be free from the enforcement of a statute that has *563 been declared unconstitutional and void.").[3] As a result, I agree that Applicant should be granted relief. I would just grant him relief for a different reason than the Court. I believe relief should be granted on Applicant's ineffective assistance of counsel claim because his trial counsel failed to object to the charge on the ground that the statute upon which the charge was based had previously been declared unconstitutionally overbroad by this Court.
Having said that, it has also become increasingly apparent to me that the Court almost certainly was mistaken when it declared Section 33.021(b) to be unconstitutionally overbroad in Lo . It is true that the Supreme Court has determined that a statute is unconstitutionally overbroad when it "prohibits a 'substantial' amount of protected speech 'judged in relation to the statute's plainly legitimate sweep.' " Lo , 424 S.W.3d at 18 (quoting Virginia v. Hicks , 539 U.S. 113, 118-19, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003) ). That Court has also explained that its cases applying the overbreadth doctrine reflect the judgment of that Court that "the possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted and perceived grievances left to fester because of the possible inhibitory effects of overly broad statutes." Broadrick v. Oklahoma , 413 U.S. 601, 612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) ). But before the overbreadth doctrine is employed to find a statute facially unconstitutional, a court must conclude that the threat that constitutionally protected speech will be muted is both real and substantial. Id. at 615, 93 S.Ct. 2908 ("[W]e believe that the overbreadth of a statute must not only be real, but substantial[.]").
In Lo , the Court observed that Section 33.021(b) prohibited the dissemination of "many modern movies, television shows, and 'young adult' books" to minors under circumstances in which the actor intended to arouse or gratify the sexual desire of any person. Lo , 424 S.W.3d at 17. The Court then determined that the statute primarily restricted protected speech because it "cover[ed] a whole cornucopia of 'titillating talk' or 'dirty talk' " as well as sexually explicit literature, television shows, movies, performances, and art.[4] Id. at 20. But a review of the cases granting Lo relief, in the years since Lo was decided, fails to bear out the Court's fear that Section 33.021(b) would be read by reasonable people to restrict constitutionally protected speech.
Since the Court decided Fournier in 2015, over forty-five applicants have received post-conviction relief from this Court on the basis that, in Lo, the Court declared Penal Code Section 33.021(b) unconstitutionally overbroad. Each of those cases reflected a judgment by a prosecutor that the individual charged had committed a violation of the terms of that law. It is worth observing that, at least in Texas, charging decisions are made by local prosecutors, and it stands to reason that those *564 decisions were being made by (at least) several different people, based upon their understanding of the meaning of the law. None-not one-of these applicants presented a claim that the online-solicitation-of-a-minor statute was unconstitutional as it applied to them. Further, none of the indictments against these applicants charged them with conduct that could even remotely be considered to have involved protected speech. Instead, the Court granted relief to applicants who sent pictures of their genitalia,[5] to applicants who sent videos of themselves masturbating,[6] and to applicants who communicated a desire to engage in graphic sexual conduct with minors, including sexual intercourse and other forms of sexual contact.[7] Even if some concern that protected speech might have been muted still exists, history, since Lo and Fournier were decided, has shown that the risk that ordinary citizens (at least as reflected by the charging decisions made by local prosecutors in those cases) would read the statute to reach protected speech was anything but " 'substantial' ... 'in relation to the statute's plainly legitimate sweep.' " Hicks , 539 U.S. at 118-19, 123 S.Ct. 2191 (quoting Broadrick , 413 U.S. at 615, 93 S.Ct. 2908 ).[8] *565 The Court's decision in Lo, invalidating Section 33.021(b) on the ground that it was unconstitutionally overbroad, is once again called to our attention in the case before us today. Again, one of Texas's many local prosecutors made the decision in this case that the defendant's conduct violated the terms of the law and a decision was made to prosecute. The information under which Applicant was charged recites the following:
on or about the 14th day of November, 2013, and before the making and filing of this information in Jasper County, Texas, [Applicant], Defendant, did then and there, being a person who was 17 years of age or older, with the intent to arouse or gratify the sexual desire of the defendant, intentionally distribute over the Internet sexually explicit material, to wit: a picture of his penis, to M.S., a minor, AGAINST THE PEACE AND DIGNITY OF THE STATE.
Applicant judicially confessed to the charging instrument and swore that he had read and understood everything it contained. He also swore that he "committed each and every element alleged therein; and that [he is] guilty of all offenses charged therein and all lesser included offenses." I fail to see how Applicant's charged conduct constituted protected speech.
I am concerned that the Court may have reached the wrong decision in Lo, when it concluded that the statute at issue there-and here-was unconstitutionally overbroad. That statute provided, in pertinent part, that:
A person who is 17 years of age or older commits an offense if, with intent to arouse or gratify the sexual desire of any person, the person, over the internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally: (1) communicates in a sexually explicit manner with a minor; or (2) distributes sexually explicit material to a minor.
This Court, in Lo , lamented that the terms of the law could reach sexually explicit literature like 50 Shades of Grey , and the movie Eyes Wide Shut , among other examples. Lo , 424 S.W.3d at 19 & 20. I fail to understand how the Court concluded that adult persons reading that law would have felt so intimidated by its language that they would have hesitated to act on their First Amendment guaranteed rights with regard to such materials. What they surely would have felt that they should not do with regard to such materials is to share them with a minor with the intent to arouse or gratify the sexual desire of any person. In other words, they would have understood that they should not intentionally cause a minor to be involved in the arousing or gratifying of the sexual desire of any person by intentionally sharing with that minor sexually explicit materials. The Court in Lo seems to have discounted, to an important degree, the language in Section 33.021(b) which focused on the intentional involvement of minors in the "arous[al] or gratif[ication of] sexual desire[s]" by way of the delivery to them of sexually explicit materials, and chose to focus instead simply on the content of the speech at issue. See Lo , 424 S.W.3d at 23-24.
So I do question the propriety of this Court's decision, in Lo , to invalidate Section 33.021(b) on the ground that it was unconstitutionally overbroad. But the fact *566 remains that the Applicant committed the conduct that formed the basis of his charge, and was then charged and convicted of the offense in this case all only after this Court had declared that the statute was unconstitutionally overbroad, and this Court has yet to reconsider Lo .[9] Under these circumstances, I must conclude that Applicant's counsel was ineffective for failing to object to the prosecution.[10] Consequently, I concur with the decision to grant relief in this case.
Newell, J., filed a concurring opinion in which Keller, P.J., Hervey and Richardson, JJ., joined.
Applicant was convicted for violating a law that had previously been held facially unconstitutional by this Court. Everyone on the Court is in agreement that he is entitled to relief. I write separately to address the expressed concern regarding this Court's unanimous decision in Ex parte Lo . In the context of a First Amendment overbreadth challenge, determining whether a statute risks sweeping a substantial amount of protected speech is, as the United States Supreme Court has noted, a "matter of no little difficulty."[1]
But how a statute is interpreted by the State is not part of a proper overbreadth analysis. When the United States Supreme Court considered the federal statute prohibiting visual depictions of animal cruelty, it specifically rejected this approach.[2] In order to avoid a broad reading of the statute at issue (and prevail against an overbreadth challenge), the Government noted that it interpreted the statute to only cover extreme animal cruelty.[3] As Chief Justice Roberts explained, overbreadth analysis does not turn upon the government's interpretation of a statute.
Not to worry, the Government says: The Executive Branch construes § 48 to reach only "extreme" cruelty. Brief for United States 8, and it "neither has brought nor will bring a prosecution for anything less," Reply Brief 6-7. The Government hits this theme hard, invoking its prosecutorial discretion several times. See id. , at 6-7, 10, and n. 6, 19, 22. But the First Amendment protects against the Government; it does not leave us at the mercy, of noblesse oblige . We would not uphold an unconstitutional statute merely because the Government promised to use it responsibly.[4]
*567 The prosecutorial restraint demonstrated by the cases involving the online solicitation statute is certainly admirable. But it does nothing to inform a proper analysis regarding the scope of the online solicitation statute.[5]
Further, citing to cases that applied the statute to unprotected speech focuses on the wrong thing. Overbreadth analysis already allows that a statute that is capable of being applied constitutionally may nevertheless be unconstitutional if it could also be used to criminalize protected speech.[6] A statute may be facially invalid if it prohibits a "substantial" amount of protected speech judged in relation to the statute's plainly legitimate sweep.[7] The State may not justify restrictions on protected speech on the basis that such restrictions are necessary to effectively suppress constitutionally unprotected speech.[8] Yet this is exactly the type of justification sought by focusing solely upon the statutory applications involving unprotected speech. Examples of a statute's plainly legitimate sweep do not tell us how far beyond that legitimate sweep the statute reaches.[9] A challenge to the breadth of a statute's reach is not an as-applied challenge.[10]
Finally, it is inconsistent to grant relief upon ineffective assistance rather than set aside the conviction because the statute is unconstitutional. Any theory of ineffective assistance necessarily relies upon treating Lo as settled law. Counsel's conduct is deficient because he failed to tell his client that the statute his client was charged under is unconstitutional. Applicant is prejudiced because there is a reasonable probability that he would not have pleaded guilty but for counsel's failure to alert him to the fact that he was being prosecuted under a statute that had been held unconstitutional.[11] If counsel's performance is deficient and Applicant was prejudiced, it is because Ex parte Lo is settled law and we are obligated to apply it. The Court properly applies Ex parte Lo and sets aside Applicant's conviction.
With these thoughts I join the Court's order granting relief.

In Fournier , I argued that the Court should not grant retroactive relief on the grounds that the statute was later declared unconstitutionally overbroad without first deciding whether an applicant needed to show that the statute was unconstitutional as it applied to him. Ex parte Fournier , 473 S.W.3d 789, 800-805 (Tex. Crim. App. 2015) (Yeary, J., dissenting). I have since concluded that this question should be answered in the affirmative. See Ex parte Chang , 485 S.W.3d 918, 918-19 (Tex. Crim. App. 2016) (Yeary, J., dissenting), Ex parte Shay, 507 S.W.3d 731, 738-40 (Tex. Crim. App. 2016) (Yeary, J., dissenting) (dissenting from the Court's grant of relief from a conviction under Section 21.15(b)(1) of the Texas Penal Code -Improper Photography or Visual Recording-and illustrating the absurd result that follows).

Ex parte Lo was decided on October 30, 2013. In that case, the Court held that Section 33.021(b) of the Texas Penal Code was facially unconstitutional because the statute was unconstitutionally overbroad. 424 S.W.3d 10 (Tex. Crim. App. 2013). The offense in this case allegedly occurred on November 14, 2013. Applicant was charged on March 24, 2014.

See also Smith v. State , 463 S.W.3d 890, 897 (Tex. Crim. App. 2015) (Keller, P.J., concurring and dissenting) ("[I]t is unlikely that the prosecutor and defense attorney ... would both be ignorant of the fact that the law ... has been declared facially unconstitutional. And if they were, the defendant would almost certainly have a slam-dunk claim of ineffective assistance of counsel.").

The Court cited a plethora of examples illustrating the vast amount of material, including books such as Lolita and Lady Chatterley's Lover , movies such as Eyes Wide Shut , and art such as Venus De Milo, it considered to be covered under the "sexually explicit" language of Section 33.021(b). Lo , 424 S.W.3d at 20.

Ex parte Anthony , No. WR-82,809-02, 2016 WL 368324 (Tex. Crim. App. Jan. 27, 2016) ; Ex parte Charbonneau , No. WR-82,953-01, 2016 WL 462069 (Tex. Crim. App. Feb. 3, 2016) ; Ex parte Capps , No. WR-83,978-01, 2016 WL 637649 (Tex. Crim. App. Feb. 10, 2016) ; Ex parte Ramirez , No. WR-83,221-01, 2016 WL 638057 (Tex. Crim. App. Feb. 10, 2016);Ex parte Bledsoe , No. WR-82,861-01, 2016 WL 625251 (Tex. Crim. App. Feb. 10, 2016);Ex parte Elmore , No. WR-82,491-01, 2016 WL 748360 (Tex. Crim. App. Feb. 24, 2016);Ex parte Harwell , No. WR-84,920-01, 2016 WL 2626522 (Tex. Crim. App. May 4, 2016);Ex parte Jimenez , No. WR-84,524-01, 2016 WL 6024385 (Tex. Crim. App. Sept. 14, 2016);Ex parte Wean , No. WR-83,634-01, 2017 WL 360705 (Tex. Crim. App. Jan. 25, 2017).

Charbonneau , 2016 WL 462069 ; Ex parte Call , No. WR-83,772-01, 2016 WL 637767 (Tex. Crim. App. Feb. 10, 2016) ; Ex parte Guinn , Nos. WR-84,351-01 & -02, 2016 WL 690358 (Tex. Crim. App. Feb. 10, 2016) ; Ex parte Morrisey , No. WR-81,243-02, 2016 WL 548390 (Tex. Crim. App. Feb. 10, 2016).

Ex parte Booe , No. WR-84,143-01, 2015 WL 9243150 (Tex. Crim. App. Dec. 16, 2015);Ex parte Kelley , No. WR-81,807-01, 2016 WL 158488 (Tex. Crim. App. Jan. 13, 2016);Ex parte Thompson , No. WR-83,542-01, 2016 WL 191924 (Tex. Crim. App. Jan. 13, 2016) ; Call , 2016 WL 637767 ; Ramirez , 2016 WL 638057 ; Ex parte Trevino , No. WR-82,110-01, 2016 WL 551677 (Tex. Crim. App. Feb. 10, 2016) ; Ex parte Lockridge , No. WR-81,919-01, 2016 WL 551669 (Tex. Crim. App. Feb. 10, 2016);Ex parte Rauch , Nos. WR-82,223-01 & -02, 2016 WL 767681 (Tex. Crim. App. Feb. 24, 2016); Ex parte Gish , No. WR-82,046-01, 2016 WL 767707 (Tex. Crim. App. Feb. 24, 2016) ; Ex parte Bunker ; No. WR-83,955-01, 2016 WL 767808 (Tex. Crim. App. Feb. 24, 2016);Ex parte Wheeler , No. WR-83,418-01, 2016 WL 1476385 (Tex. Crim. App. Apr. 13, 2016) ; Ex parte Deba , No. WR-85,151-04, 2016 WL 4938346 (Tex. Crim. App. Sept. 14, 2016) ; Wean , 2017 WL 360705 ; Ex parte Jones , No. WR-77,812-05, 2017 WL 604070 (Tex. Crim. App. Feb. 15, 2017) ; Ex parte Jagger , No. WR-86,311-01, 2017 WL 604075 (Tex. Crim. App. Feb. 15, 2017).
Even today, the Court grants Lo relief to three applicants whose conduct would seem to fall within the plainly legitimate sweep of the statute. See Ex parte Aaron Lee Shelton , No. WR-88,020-01 (Tex. Crim. App. del. Feb. 14, 2018) (sent photo or video of genitalia to a minor); Ex parte Wade Manning Perry , No. WR-87,925-01 (Tex. Crim. App. del. Feb. 14, 2018) (sent photo of a penis); Ex parte Jesse Angel Mata , No. WR-87,990-01 (Tex. Crim. App. del. Feb. 14, 2018) (communicated in a sexually explicit manner).

My point here is not that we should trust that prosecutors will exercise their prosecutorial discretion in such a way that the statutory language, to the extent it is overbroad, will never actually be applied in violation of First Amendment rights. My point is that prosecutors do not seem to have read the statute overbroadly in the first place. The fact that no prosecutor has yet attempted to apply the statutory language in such a way as to trample upon legitimate First Amendment rights suggests to me that we may have been mistaken in Lo to conclude that the statutory language is even reasonably susceptible to an interpretation that would authorize unconstitutional prosecutions.

Because our decision in that case could potentially mislead members of the Legislative Department concerning their legitimate authority to regulate conduct, I believe that we should, at some point, revisit its holding. But I do not believe this is the case in which to do it.

There is no inconsistency between my call to re-examine Lo and my conclusion that Applicant's trial counsel rendered ineffective assistance of counsel in failing to invoke it. Declaring counsel to have been constitutionally ineffective is the inevitable consequence of my failure to convince my colleagues that Lo should be reconsidered. The fact remains that Lo was settled precedent at the time of Applicant's guilty plea, and his attorney provided patently deficient representation by allowing him to plead guilty to a statutory offense that had been declared constitutionally invalid by our state's highest court for criminal matters. Moreover, that deficiency was plainly outcome-determinative, since the charge should have been dismissed. Both prongs of Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), have been satisfied.

Broadrick v. Oklahoma , 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

United States v. Stevens , 559 U.S. 460, 480, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010).

Id.

Id.

Since this Court's decision in Ex parte Lo , our Legislature has amended the online solicitation statute to narrow the statute's scope.

Virginia v. Hicks , 539 U.S. 113, 118-19, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003).

Id.

Ashcroft v. Free Speech Coalition , 535 U.S. 234, 255, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

It is also worth mentioning that this standard was not invented by this Court in Ex parte Lo . It comes from the United States Supreme Court precedent, which this Court is bound to follow. See, e.g., State v. Johnson , 475 S.W.3d 860, 866 (Tex. Crim. App. 2015). If this standard appears too lenient by allowing some unprotected speech to go unpunished, the problem is with the overbreadth doctrine itself, not this Court's decision in Ex parte Lo .

Stevens , 559 U.S. at 472-73, 130 S.Ct. 1577.

Lee v. United States , --- U.S. ----, 137 S.Ct. 1958, 1965, 198 L.Ed.2d 476 (2017) (holding that prejudice based upon deficient performance during a guilty plea proceeding is determined by the demonstration of a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial).