Yeary, J., filed a dissenting opinion.
*584 The Court today grants post-conviction habeas relief on the ground that Applicant was convicted under a statute that was later declared unconstitutionally overbroad without a showing by the Applicant that the statute was unconstitutional as applied in his case. See Majority Opinion (granting habeas relief based upon Ex parte Lo , 424 S.W.3d 10 (Tex. Crim. App. 2013) ). I dissent for the reasons stated in my dissenting opinion in Ex parte Fournier , 473 S.W.3d 789, 800-805 (Tex. Crim. App. 2015) (Yeary, J., dissenting). However, I write further because I believe it is time for the Court to reconsider whether the decision in Ex parte Lo was decided correctly.
In Lo , the Court invalidated Section 33.021(b) of the Penal Code on the ground that the statute was unconstitutionally overbroad because the statute prohibited a substantial amount of protected speech and was not narrowly tailored to promote a compelling State interest. Lo , 424 S.W.3d at 18-19, 23-24. In Ex parte Chance, the Court applied Lo retroactively despite the fact that the applicant in Chance never argued the statute's constitutionality at trial or on direct appeal. 439 S.W.3d 918, 918 (Tex. Crim. App. 2014). And later, in Ex parte Fournier , the Court affirmed the retroactive application of Lo , noting that an unconstitutional statute is void from its inception. 473 S.W.3d at 796 n.54.
In Ex parte Mitcham, No. WR-87,738-01, 2018 WL 847655 (Tex. Crim. App. Feb. 14, 2018) (Yeary, J., concurring), I noted that the Court has granted over forty-five applicants post-conviction relief since Fournier was decided, on the basis that Section 33.021(b) was declared unconstitutionally overbroad. Not one of the applicants could demonstrate that their conduct constituted protected speech or that the statute was unconstitutionally applied to them. Id . Nevertheless, the Court granted post-conviction relief to the applicant in Mitcham , along with three other applicants in separate cases. Id. ; Ex parte Perry , No. WR-87,925-01, 2018 WL 850481 (Tex. Crim. App. Feb. 14, 2018); Ex parte Mata , No. WR-87,990-01, 2018 WL 851226 (Tex. Crim. App. Feb. 14, 2018); Ex parte Shelton , No. WR-88,020-01, 2018 WL 850542 (Tex. Crim. App. Feb. 14, 2018).
In the case before the Court today, the indictment under which Applicant was charged read:
on or about May 29, 2009, in Bastrop County, Texas, [Applicant], hereinafter referred to as the defendant, being a person who was seventeen (17) years of age or older, did then and there, with intent to arouse or gratify the sexual desire of the defendant or Bailey Walker (a pseudonym), intentionally distribute by text message sexually explicit material, to-wit: a photograph of the penis of the defendant, to Bailey Walker (a pseudonym), a minor, AGAINST THE PEACE AND DIGNITY OF THE STATE.
Once again, the Court today grants post-conviction relief to an applicant whose conduct, as I see it, fails to even remotely constitute protected speech.
In Mitcham , I questioned the propriety of the Court's decision in Lo but concurred *585 with granting the applicant relief because his counsel was constitutionally ineffective. Mitcham , 2018 WL 847655. Because our decision in Lo could potentially mislead members of the Legislative Department concerning their legitimate authority to regulate conduct, I believe that the Court should reconsider whether it was decided correctly.
Because the Court does not, I respectfully dissent.