Today, the Court once again grants relief on the basis that the statute the applicant was convicted under- TEX. PEN. CODE § 33.021(b) -was held to be facially unconstitutional in Ex parte Lo, 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant was charged by indictment for the offense of online solicitation of a minor. Specifically, the indictment stated that Applicant sent sexually explicit electronic messages to a minor with the intent to arouse or gratify the sexual desires of any person. Applicant pled guilty to the offense of online solicitation of a minor in 2010. He was sentenced to confinement in prison for a period of five years and he did not appeal his conviction. Applicant has discharged his sentence, but he claims that he is suffering collateral consequences, namely that the conviction is "preventing an accurate determination of [Applicant's] criminal history" in a federal prosecution of Applicant for online enticement of a minor and travel with intent to engage in illicit sexual conduct with a minor. 18 U.S.C. § 2422(b) & 18 U.S.C. § 2423(b).
I dissent to the Court's order granting Applicant post-conviction relief in this case for the reasons stated in my dissenting opinions in Ex parte Fournier and Ex parte Mitcham . See Ex parte Fournier , 473 S.W.3d 789, 800-05 (Tex. Crim. App. 2015) (Yeary, J., dissenting) ("The windfall that inevitably flows from judicially declaring an overbroad penal provision to be facially unconstitutional need not extend so far as to apply retroactively to grant habeas corpus relief to applicants who have *714 suffered no First Amendment infraction themselves."); Ex parte Mitcham , 542 S.W.3d 561, 562-67 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("The Court in [Ex parte ] Lo seems to have discounted to an important degree, the language in Section 33.021(b) which focused on the intentional involvement of minors in the 'arous[al] or gratif[ication] of sexual desires' by way of the delivery to them of sexually explicit materials, and chose to focus instead simply on the content of the speech at issue.").