

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-91,955-01

**EX PARTE SAMUEL NINO, JR., Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F42357-A
IN THE 18TH DISTRICT COURT FROM JOHNSON COUNTY**

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

**DISSENTING OPINION**

Applicant was convicted of four counts of online solicitation of a minor in violation of former Section 33.021(b) of the Penal Code. TEX. PENAL CODE § 33.021(b). He was sentenced to three years' imprisonment in count one, and five years' imprisonment in the remaining counts. Today, the Court grants post-conviction relief based on *Ex parte Lo*, in which the Court concluded that Subsection (b) of the former online solicitation of a minor statute was unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). But Applicant has not demonstrated that his conduct constituted protected speech such that the statute may be said to have operated unconstitutionally as applied him. I therefore dissent from the Court's order granting summary post-conviction habeas corpus relief for the

reasons stated in my dissenting opinions in *Ex parte Fournier*, 473 S.W.3d 789, 800–805 (Tex. Crim. App. 2015) (Yeary, J., dissenting), and *Ex parte Chavez*, 542 S.W.3d 583, 584–85 (Tex. Crim. App. 2018) (Yeary, J., dissenting).

In separate claims, Applicant has also alleged that his convictions—at least those obtained under the second, third, and fourth counts of the indictment—are void for other reasons, unrelated to the constitutionality of the statute of conviction. The State in its response seems to concede error. The convicting court has made no recommendation with respect to these separate claims. Rather than grant summary relief for all counts under *Lo*, the Court today should either remand the cause for recommended conclusions of law from the convicting court, or else file and set the application to examine these remaining contentions. Because the Court does not, I respectfully dissent.

FILED:                    November 18, 2020
DO NOT PUBLISH