

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-96,658-01

### EX PARTE ERIC TODD WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012CR10649-W1 IN THE 379TH DISTRICT COURT
### BEXAR COUNTY

NEWELL, J., filed a concurring opinion in which RICHARDSON and WALKER, JJ., joined.

An opinion granting relief in this case should have been handed down months ago. In this case, Applicant Eric Todd Williams pleaded no contest to online solicitation of a minor under TPC § 33.021(b) and received a three-year sentence on March 6, 2013.[1]  On October 30, 2013, this Court, in *Ex parte Lo*, held unconstitutional the online

---

[1] Applicant has discharged his sentence but alleges that he is suffering collateral consequences.  No one contests this.

solicitation of a minor statute[2] for which Applicant was convicted.[3] He has now filed a writ of habeas corpus based on the *Lo* decision, alleging that his conviction is void in light of this Court's decision.[4] Both the State and the defense agree relief is warranted. So does the habeas court. So do I. But the continued refusal to follow this Court's precedent by some members of this Court has led to the unnecessary delay in resolving what should have been an easy case.

We have granted habeas corpus relief many times in cases just like this.[5] And we have done so despite repeated dissents. Indeed, no

---

[2] The statute stated: A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally: (1) communicates in a sexually explicit manner with a minor; or (2) distributes sexually explicit material to a minor.

[3] *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013).

[4] *Ex parte Fournier*, 473 S.W.3d 789, 800 (Tex. Crim. App. 2015) (holding that a statute declared unconstitutional for overbreadth is void ab initio, meaning it is treated as if it never existed).

[5] *See, e.g.*, *Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014) (remanding case so that the indictment could be disposed of after granting relief where the defendant had been convicted under an unconstitutional statute); *Ex parte Fournier*, 473 S.W.3d at 790 (granting habeas relief to the two applicants under the unconstitutional-statute theory established in *Lo*); *Ex parte Lea*, 505 S.W.3d 913 (Tex. Crim. App. 2016) (per curiam) (granting habeas corpus relief and vacating a conviction under the improper photography statute, which had been previously declared facially unconstitutional as overbroad in *Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014)); *Ex parte Mitcham,* 542 S.W.3d 561 (Tex. Crim. App. 2018) (granting habeas corpus relief where the applicant was convicted under a statute declared unconstitutionally overbroad prior to the applicant's conduct); *Ex parte Chavez,* 542 S.W.3d 583 (Tex. Crim. App. 2018) (granting habeas corpus relief where the applicant's conviction was based on a statute previously declared unconstitutional); *Ex parte Lester*, No. WR-88,227-01, 2018 WL 1736686 (Crim. App. Apr. 11, 2018) (this Court granted habeas relief to defendant "in light of Ex parte Lo"); *Ex parte Benedict,* 570 S.W.3d 277 (Tex. Crim. App. 2019) (granting habeas corpus relief where the applicant's conviction was based on a

parties have argued that we should revisit *Ex parte Lo* or *Ex parte Fournier* since the objections to this Court's decision in *Lo* and its applicability to habeas corpus relief have been lodged. Even the Texas Supreme Court recognizes that someone who has been prosecuted under a statute that has been declared unconstitutionally overbroad is entitled to relief because the statute is void ab initio.[6] There's no controversy here.

There is nothing to suggest that this Court's reasoning in *Lo* was lacking or that this Court's decision in *Lo* was unworkable. To the contrary, our Legislature has amended the former online solicitation of a minor statute to account for this Court's decision.[7] And the United States Supreme Court has not retreated from or altered its overbreadth jurisprudence. Neither have we retreated from or been asked to re-

---

statute previously declared unconstitutional); *see also Smith v. State*, 463 S.W.3d 890, 893 (Tex. Crim. App. 2015) (recognizing that a claim asserting a conviction is void due to an unconstitutional statute may be raised for the first time on direct appeal); *see also State v. Doyal*, 589 S.W.3d 136 (Tex. Crim. App. 2019) (reversed the court of appeals and affirmed the trial court's judgment dismissing the prosecution where the defendant was charged under an unconstitutional statute).

[6] *See In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020) (emphasizing the longstanding rule that an unconstitutional statute is legally void from its inception, or in other words, void ab initio).

[7] The revised statute states: A person who is 17 years of age or older commits an offense if, with the intent to commit an offense listed in Article 62.001(5)(A), (B), or (K), Code of Criminal Procedure, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally: (1) communicates in a sexually explicit manner with a minor; or (2) distributes sexually explicit material to a minor.

examine our position in *Fournier* that habeas corpus relief is warranted when someone has been prosecuted under the version of the online solicitation of a minor statute that we held unconstitutional in *Lo*. This is certainly not the case, after countless others have been granted relief based upon this Court's precedent, to re-examine that precedent on our own initiative. The law has not changed on this issue; the Court does the right thing by following binding precedent. Anything else would be an invitation to turn criminal law into a game of Calvinball.[8]

With these thoughts I join the Court's order granting relief.


Filed: October 23, 2025

Publish

---

[8] See Oxford English Dictionary (2025), https://www.oed.com/dictionary/calvinball_n (The noun "Calvinball" refers to activity reminiscent of the imaginary game of Calvinball from the cartoon *Calvin and Hobbs* in that the activity does not follow any discernible rules, or in which individuals act in a self-servingly inconsistent manner).