

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1790-13, PD-1791-13, PD-1792-13, PD-1793-13

### FREDRICHEE DOUGLAS SMITH, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S AND STATE'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, ALCALÁ, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., filed a concurring and dissenting opinion. YEARY, J., filed a concurring and dissenting opinion in which KEASLER and HERVEY, JJ., joined.

## O P I N I O N

A jury convicted appellant of possession of child pornography, two counts of sexual assault of a child, and online solicitation of a minor and sentenced him to serve three years' incarceration for each count of sexual assault and eight years' incarceration for the possession and solicitation counts. Both eight-year sentences were suspended, and all of the sentences were ordered to be served concurrently. Appellant appealed, and the court of appeals reformed the trial court's

judgments to delete the specific amount of assessed costs and affirmed the judgments as reformed. *Smith v. State*, Nos. 14-11-00838-CR, 14-11-00839-CR, 14-11-00840-CR, 14-11-00841-CR, 2013 Tex. App. LEXIS 15273 (Tex. App.–Houston [14th Dist.] Dec. 19, 2013) (mem. op., not designated for publication).

### Facts

Appellant was charged with offenses alleged to have occurred in 2008 when the named complainant was fourteen years old and appellant was twenty-two. Appellant was an instructor for a life-guarding class at a club swimming pool where the named complainant worked as a receptionist during that summer. The two became involved in a romantic relationship that involved sexual contact and "sexting" messages, some of which included nude photos.

### Court of Appeals Opinion

On appeal, appellant claimed that trial counsel rendered ineffective assistance of counsel in various manners and that the amounts assessed against him as court costs should be deleted from the judgments because the clerk's record did not contain a bill of costs. The court of appeals addressed the multiple claims of deficient performance by trial counsel and determined that appellant had not demonstrated deficient performance by trial counsel or prejudice and overruled his claim of ineffective assistance of counsel. *Id.* at **4-10. The court of appeals held that the trial court correctly ordered appellant to pay court costs, but "did err in entering a specific dollar amount without any support in the record for that dollar amount." *Id.* at **11-12. Because there was no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, the court of appeals reformed the trial court's judgment in each case to delete the specific dollar amount of costs assessed. *Id.* at *12. The court of appeals accordingly affirmed the judgments

as reformed. *Id.*

## Grounds For Review

Both appellant and the state filed petitions for discretionary review. We granted review of those petitions. The state's petitions raise two grounds:

> The court of appeals erred in holding that the sufficiency of the evidence justifying the assessment of court costs should be based on the clerk's "bill of costs" rather than on the statutory predicate for the assessment of such costs.

> The court of appeals erred in failing to reform the judgment to adjudge the correct assessment of court costs as mandated by the relevant statutes.

Appellant's petitions raise a single ground:

> Mr. Smith's conviction under Texas Penal Code Section 33.021(b) is void because the court of criminal appeals held this statutory subsection facially unconstitutional.

## Appellant's Petitions

In this Court, appellant challenges only the conviction for online solicitation of a minor. Although we granted review of all four of appellant's petitions, only one of those petitions, number PD-1793-13, addresses that conviction. Appellant's other three petitions correspond to the court of appeals's and trial court's judgments for his other three convictions.[1] Therefore, we dismiss appellant's other petitions, numbers PD-1790-13, PD-1791-13, and PD-1792-13, as improvidently granted.

Appellant argues that, because of this Court's ruling in *Ex parte Lo*[2] that Texas Penal Code

---

[1] Appellant's petition for discretionary review was filed as a single document with a heading that listed each of the four court-of-appeals cause numbers that are attached to the appealed convictions. This Court docketed each of the four petitions with a separate number. The court of appeals's opinion disposed of all four appealed cases in a single opinion that listed the four separate cause numbers because appellant's complaints on direct appeal applied to all four convictions.

[2] 424 S.W.3d 10 (Tex. Crim. App. 2013).

section 33.021(b) is unconstitutional, his conviction under that statute is void. Appellant acknowledges that he did not raise this claim on appeal, but points out that *Lo* "was decided four months after [he] filed his brief,"[3] and contends that his failure to object to the constitutionality of this statute at the trial-court level is irrelevant because an "unconstitutional and void law may be attacked regardless of whether the complaining party objected at the trial or appellate stage." Appellant's Br. 8.

Appellant reasons that, because in *Ex parte Lo* this Court has already held that Section 33.021(b) is facially unconstitutional for over-breadth and "[b]ecause an unconstitutionally overbroad law is a void, nonexistent law, [he] has not forfeited his right to object to his conviction under that statutory subsection."[4] He also contends that, because Section 33.021(b) has been found to be facially unconstitutional, courts should view it void *ab initio* and that his conviction under Section 33.021(b) is therefore void. He further asserts that reversal of a conviction based on a void statute is a systemic requirement and a right that cannot be waived. He cites *Marin v. State*[5] for the proposition that some rights are so fundamental to the fair operation of the criminal-justice system that they cannot be forfeited by inaction or failure to assert them. He also contends that absolute requirements are systemic requirements that address the court's jurisdiction and should be addressed regardless of a party's complaint at the trial and appellate stages.

Appellant argues that the trial court had no jurisdiction to render a judgment on a non-

---

[3] Appellant's Br. x. Appellant's appellate brief was filed on June 20, 2013. This Court delivered its opinion in *Lo* on October 30, 2013, and issued mandate on April 14, 2014.

[4] Appellant's Br. 2.

[5] 851 S.W.2d 275, 278-81 (Tex. Crim. App. 1993) (overruled on other grounds by *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).

existent offense, thus his conviction on the basis of an unconstitutional statute is a denial of due process, due course of law, and the Eighth Amendment prohibition against cruel and unusual punishment.[6]

The state argues that, prior to the decision of the court of appeals on the online-solicitation case, appellant never objected to that prosecution on grounds that the statute was unconstitutional and argues that, therefore, "he cannot raise that challenge for the first time in a petition for discretionary review." State's Br. 8. The state contends that, since *Lo* did not become final until after the trial court rendered its judgments and the court of appeals affirmed the convictions in this case, reversing those courts based upon *Lo* would have the effect of requiring them to anticipate that the online-solicitation statute would later be held to be unconstitutional. It notes our language in *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009): "The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional."

The state looks to our opinion in *Karenev*, in which we concluded that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Id*. It asserts that, based upon that rationale, "appellant was required to object in order to preserve the issue for direct appeal."[7] It also notes our recognition of the nearly exclusive list of situations in which a judgment can be considered void and that the list does not include a judgment resulting from a conviction based on a facially unconstitutional statute. *Karenev*, 281 S.W.3d at 432, *citing Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001).

---

[6] Appellant also asserts that affirming this conviction will violate the First Amendment and the Supremacy Clause.

[7] State's Br. 10.

The state suggests that this Court lacks jurisdiction to rule on "the constitutionality issue" because the court of appeals did not decide that issue and, in our discretionary-review capacity, we review "decisions" of the courts of appeals. It also contends that appellant has an adequate remedy at law via writ of habeas corpus and should be required to seek relief through such a writ.

In answer to the state's claim that we lack jurisdiction to rule on the *Lo* issue, appellant argues that we may exercise our jurisdiction to correct a clear error in the name of judicial efficiency. He notes that, while the court of appeals did not address the constitutionality of Section 33.021(b), its decision affirming the conviction under that subsection directly conflicts with our decision in *Lo*. Appellant cites our language in *Davison v. State*, 405 S.W.3d 682, 691-92 (Tex. Crim. App. 2013), which states that, "when the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy."

**Analysis**

In *Lo*, 424 S.W.3d at 19-20, we specifically held that Section 33.021(b) is unconstitutionally over-broad. The state does not challenge our prior holding as to the statute's constitutional deficiency; it takes issue only with the procedural posture in which appellant seeks to apply that holding to his conviction under that statute.

*Davison* involved a situation in which our rejection of the lower appellate court's basis for disposition gave rise to another issue that was necessary to the appeal's disposition but which the appellate court had not already addressed.[8] That situation differs from the factual context of this

---

[8] Davison plead guilty to the offense of burglary of a building, a state jail felony. In a written "Guilty Plea Memorandum" and orally, the trial court advised Davison that a state-jail felony is punishable by not less than 180 days and no more than two years in a state-jail facility. But Davison also plead true to three felony enhancement paragraphs, which increased the available punishment range to that of a second-degree felony. Some four months after accepting the appellant's guilty plea, the trial court held a punishment hearing and imposed the maximum sentence for a second-degree felony. At no point did the trial court formally admonish Davison that, as enhanced, the charges against the

case. Nevertheless, we conclude that, in affirming appellant's conviction for the online-solicitation offense, the court of appeals implicitly determined that there was no constitutional impediment to prosecuting that offense. Accordingly, we have determined that we have jurisdiction to review the court of appeals's decision. And because this case involves a conviction under a statutory provision that we have previously determined is facially unconstitutional, addressing the merits of appellant's challenge to his conviction under that very same statutory provision allows us to dispose of the case in the name of judicial economy if the proper solution of the issue is clear. *Davison,* 405 S.W.3d at 691-92.

We have recognized that "an unconstitutional statute is void from its inception" and that "'when a statute is adjudged to be unconstitutional, it is as if it had never been'" and that such "an unconstitutional statute is stillborn[.]" *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) (citing and quoting *Ex parte Bockhorn*, 138 S.W. 706, 707 (Tex. Crim. App. 1911)). We have also said "that an unconstitutional statute in the criminal area is to be considered no statute at all." *Reyes*, 753 S.W.2d at 383 (citing *Hiett v. United States*, 415 F.2d 664, 666 (5th Cir. 1969), *cert. denied* 397 U.S. 936 (1970)).

In *Marin*, we recognized that our system contains rules of three distinct kinds:

(1) absolute requirements and prohibitions; (2) rights of litigants which must be

---

appellant exposed him to a range of punishment of two to twenty years in the penitentiary.

On appeal, Davison argued that the failure to admonish him with respect to the applicable range of punishment violated the statute and also rendered his guilty plea involuntary for purposes of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The court of appeals held that the trial court erred in failing to admonish Davison as required by Tex. Code Crim. Proc. article 26.13(a) before accepting his guilty plea and that, because the statutory admonishment is in the nature of a waiver-only right, this error could be asserted for the first time on appeal. But it also held that the error was harmless under Texas Rule of Appellate Procedure 44.2(b), the standard for non-constitutional errors. The court of appeals declined to reach the merits of Davison's constitutional claim because, unlike the appellant's statutory claim, his constitutional claim was subject to procedural default and was forfeited by his failure to raise it in the trial court and, even if properly preserved, any constitutional error was harmless.

implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.

*Marin*, 851 S.W.2d at 279. A category-one "absolute requirement and prohibition" right includes the right to be free from the enforcement of a statute that has been declared unconstitutional and void. *Id.* "For example, this Court has held that nonjurisdictional principles of due process and separation of powers are such as to render void from its inception conflicting legislation." *Id., citing Rose v. State*, 752 S.W.2d 529, 552-553 (Tex. Crim. App. 1988) (opinion on rehearing). In *Rose*, we explained that it did not matter that the defendant had failed to object to the parole-law section of the jury charge because we had previously held that portion unconstitutional as a violation of the doctrine of separation of powers. *Rose*, 752 S.W.2d at 553. Thus, one consequence of declaring a penal statute unconstitutional and void is to put a conviction pursuant to that statute into the *Marin* "category one"—an absolute right or legal requirement that is so fundamental that it cannot be forfeited or waived by those complaining thereafter.

As the state notes, in *Karenev* we held that a defendant could not raise a facial challenge to the constitutionality of a statute for the first time on appeal.[9] But the situation in that case is distinguishable from the present one in appellant's case. In *Karenev*, the defendant was attacking a valid statute that had not yet been declared void. In the present case, appellant is seeking relief for a conviction of a non-crime under a statute that has already been held to be invalid.

We offer an example. Suppose a juvenile, who had been convicted of capital murder in 2004 and sentenced to death, complained for the first time on appeal that our death-penalty statute was unconstitutional because it permitted the execution of juveniles. In 2004, we would have summarily

---

[9]  281 S.W.3d at 434.

rejected any such complaint because the defendant did not object at trial. But in 2005, the Supreme Court held that the Eighth Amendment bars the execution of juveniles, even when they commit murder. *Roper v. Simmons*, 543 U.S. 551 (2005). Once the Supreme Court had spoken, that same defendant, whose claim we had summarily rejected in 2004, would be entitled to relief from his death sentence in a habeas application or, if his direct appeal were still pending, on direct appeal. *See, e.g., Garza v. State*, 435 S.W.3d 258 (Tex. Crim. App. 2014) (determining propriety of addressing merits of unobjected-to constitutional challenge to statute requiring life-without-parole sentence for juvenile capital murderer).

The distinction is that a *Marin* "category one" right, which is not subject to forfeiture or waiver by the failure to object, is a right that was recognized as fundamental before the defendant made his present claim. Any defendant, convicted or not, may obtain relief from a conviction under a statute that has already been held void. Imagine that the Supreme Court holding that the constitution does not permit the execution of juveniles was interpreted by trial courts to not apply to juveniles who were tried before the *Simmons* decision and who did not object at trial, thus permitting those juveniles to be executed. Such a rule would be both a fundamental miscarriage of justice and a rule that the Supreme Court, American society, and this Court would not accept. That is what *Marin* "category one" rights represent–a bulwark against the miscarriage of justice.

Appellant is entitled to relief. Because we have previously held that Section 33.021(b) is facially unconstitutional, there is no valid law upon which to base the conviction that appellant challenges in petition number PD-1793-13. *See McFarlin v. State*, 123 S.W. 133 (Tex. Crim. App. 1909) ("The law upon which this prosecution is predicated was held by this court unconstitutional. *See Ex parte Frank A. Smythe*, [56 Tex. Crim. 375;] 120 S.W. 200[; 1909 Tex. Crim. App. LEXIS

262]. There being no valid law upon which to predicate a prosecution, the judgment is reversed, and the prosecution ordered dismissed.") Because it is facially unconstitutional, it was "stillborn" and void *ab initio*. *See Reyes*, 753 S.W.2d at 383. Accordingly, we sustain appellant's ground for review in petition number PD-1793-13, reverse the judgment of the court of appeals in its case number 14-11-00841-CR, and render a judgment of acquittal for the online-solicitation offense based on Section 33.021(b). *See Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014).

### State's Petitions

The state's petitions challenge the court of appeals's treatment of the trial court's assessment of court costs. After the court of appeals handed down its opinion, we decided *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014), which sets out a roadmap for resolving questions concerning court costs. The court of appeals did not have the benefit of our *Johnson* opinion when it addressed appellant's claim concerning court costs. Therefore, we grant the state's petitions for discretionary review in petition numbers PD-1790-13, PD-1791-13, and PD-1792-13, vacate the judgments of the court of appeals in those cases, and remand those three cases to the court of appeals for reconsideration in light of our *Johnson* opinion. Because of our disposition of applicant's ground for review, we dismiss as moot the state's petition number PD-1793-13.

Delivered: June 24, 2015
Publish