**Affirmed; Affirmed as Modified; and Memorandum Opinion on Remand filed September 15, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00838-CR
## NO. 14-11-00839-CR
## NO. 14-11-00840-CR

---

### FREDRICHEE DOUGLAS SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1197969, 1197970, and 1208812**

---

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

On original submission in each of these cases, appellant appealed the assessment of court costs and this court modified the judgments to delete the assessment. The Court of Criminal Appeals vacated the judgment in each case and

remanded the case for reconsideration in light of *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

In its judgment in each case, the trial court ordered appellant to pay court costs as follows: $490.00 (Trial court cause no. 1197970); $490.00 (Trial court cause no. 1197969); and $490.00 (Trial court cause no. 1208812). A supplemental clerk's record was filed in each case that contains a bill of costs. The bills of costs for trial court cause numbers 1197969 and 1197970 assess $490. The bill of costs for trial court cause number 1208812 assesses $590.

On original submission, appellant argued that the judgment in each case reflected court costs that were not substantiated by the record. We agreed and modified the judgment in each case to delete the specific amount of costs assessed. *Smith v. State,* 14-11-00838-CR, 2013 WL 6726409, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2013), *rev'd in part, vacated in part*, 463 S.W.3d 890 (Tex. Crim. App. 2015). On petition for discretionary review, the Court of Criminal Appeals vacated our judgment in each case and remanded for reconsideration in light of *Johnson,* 423 S.W.3d at 385. *Smith v. State,* 463 S.W.3d 890 (Tex. Crim. App. 2015).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost assessed in the judgment. *Johnson,* 423 S.W.3d. at 390. We do not apply the traditional standard of review for sufficiency of the evidence. *Id.*

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at 392–93; *see also* Tex. Code Crim. Proc. arts. 103.001, 103.006. The bill of costs in the supplemental clerk's records contain an

2

itemized list of costs in appellant's cases. The bills of costs are signed by a deputy district clerk, and in each case the district clerk has certified that the document is a true and correct copy of the original.

On original submission, the State requested that we reform the judgment in each of these cases to reflect assessment of court costs at $634. The bills of costs filed in the supplemental records for cause numbers 1197969 and 1197970 assess costs at $490. Accordingly, there is a sufficient basis for the court costs assessed against appellant in the judgment in those cases and we affirm the trial court's judgments in those cases.

The bill of costs filed in the supplemental record in cause number 1208812 assesses costs of $590. We therefore conclude that the trial court's assessment of costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may modify a trial court judgment to accurately reflect the record when the appellate court has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex.App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b). In accordance with the cost bill in the record, we reform the trial court's judgment in cause number 1208812 to reflect court costs of $590. As modified, the judgment in cause number 1208812 is affirmed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).