ACCEPTED
02-16-00094-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
2/24/2017 11:40:18 AM
DEBRA SPISAK
CLERK

**FILED**
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

February 28, 2017

DEBRA SPISAK, CLERK

RECEIVED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

2/24/2017 11:40:18 AM

DEBRA SPISAK
Clerk



**SHAREN WILSON**

.Criminal District Attorney
Tarrant County

February 24, 2017

Debra Spisak, Clerk
Second Court of Appeals District of Texas
Tim Curry Criminal Justice Center
401 W. Belknap, Suite 9000
Fort Worth, TX  76196
`

Re:  *Kenneth Wayne Lovett v. State of Texas*
     Cause Numbers 02–16–0094–CR, 02–16–0095–CR
     *State's Post-submission Letter Brief*

Dear Ms. Spisak:

The parties presented oral argument in this case last week.  The State files this letter brief for purposes of clarification and elaboration while contemporaneously filing an unopposed motion for leave to file as well.

- The State sufficiently proved Appellant intentionally/knowingly displayed a deadly weapon in a manner calculated to alarm because he remained armed and declined law enforcement entreaties to disarm after being verbally notified that he could continue with his actions as long as he was unarmed; two of three people followed these directions.  (3RR at 27–29, 35–37; 5RR at SX3, SX4).[1]

---

[1] "Once I [Officer Kemp] told them to put their firearms away—I immediately said to put them in the vehicle.  Kory Watkins says maybe a couple of sentences and then upon

- With respect to the interference offense, former Presiding Judge Onion's decision in *Carney* provides the framework for discounting any additional constitutional repercussions based on the manner-and-means allegations proved in this case. *See Carney v. State*, 31 S.W.3d 392, 396–98 (Tex. App.—Austin 2000, no pet.) (noting that the indictment's manner and means allegation avoided any constitutional question). Although the manner and means were not proved in *Carney*, in this case the State proved all three manner and means alleged, including (1) refusing to obey a command to remove himself from being in close proximity to a traffic stop while carrying a deadly weapon, (2) refusing to disarm, and/or (3) refusing to obey orders regarding officer/civilian safety. *See id.* (1CR at 5, 37 [cause no. 1445032]).

- During argument, counsel pointed out that this case does not squarely present constitutional questions. Appellant waived any as-applied claim. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995) (recognizing that constitutional-as-applied argument must be properly preserved and presented). Likewise, Appellant waived any facial challenge. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (upholding waiver of facial constitutional challenge); *Smith v. State*, 463 S.W.3d 890, 897–98 (Tex. Crim. App. 2015) (modifying *Smith's* holding where a prior opinion has already held statute unconstitutional); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) [Waiver of Rights].

- The Court pointed out that the officers appeared calm on the video, not alarmed. Video evidence does not always provide a precise understanding of the scene it depicts and officers' viewpoints; courts should view such evidence through the prism of the appropriate standard of review. *Cf. Jaganathan v. State*,

---

me restating, he turns around, moves to that passenger side and puts—puts his inside." (3RR at 29). "Q. At some point whenever you're making these statements to the defendant, does he—does he acknowledge you? Does he do anything? A. He—at one point he says, no, I'm not going to do it." (3RR at 36). Appellant's failure to disarm at this juncture constituted strong evidence of his culpability to cause alarm. In addition to the arguments set out in the State's brief (pgs. 8–22), the record proves Appellant culpably displayed his weapon in a manner calculated to alarm.

479 S.W.3d 244, 248–49 (Tex. Crim. App. 2016) (upholding officers reasonable-suspicion determination where lower court failed to view video evidence in light most favorable to the trial court's ruling).

Please pass this information on to the Court. As always, thanks so much.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief, Post-Conviction

/s/ Tanya S. Dohoney
TANYA S. DOHONEY, Assistant
Criminal District Attorney
State Bar No. 02760900
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687 FAX (817) 884-1672
COAAppellateAlerts@TarrantCountytx.gov

## CERTIFICATE OF CONFERENCE

After an exchange of emails, opposing counsel, Millie Thompson, filed a motion for leave to file a post-submission letter brief on February 17, 2017. Ms. Thompson's motion states she does not oppose the State seeking leave to file any post-submission briefing.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements and word-count limitations set out in TEX. R. APP. P. 9.4. Undersigned counsel certifies that this document contains 968 non-exempted words or less as computed by Microsoft Word software used for generation.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY

## CERTIFICATE OF SERVICE

In addition to emailing copies of this letter, a true copy of the State's letter brief has been e-served on February 24, 2017, as follows: Hon. Millie L. Thompson, 401 Congress Ave., Ste. 1540, Austin, Texas 78701 at millieaustinlaw@gmail.com and Hon. J. Deniz Kadirhan, 2312 Western Trails Blvd., Ste. 102–A, Austin Texas 78745 at deniz@kadirhanlaw.com.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY