**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00487-CR**
_____

**GARY EDWARD VINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-01-00351-CR**

**MEMORANDUM OPINION**

Gary Edward Vines was found to be a sexually violent predator, and on April 25, 2012, a Final Judgment and Order of Civil Commitment was entered by the 435th Judicial District Court for Montgomery County, Texas, in Cause Number 11-11-12117-CV, *In Re: The Commitment of Gary Edward Vines*. Vines was then assigned to a halfway house and subject to the Order of Civil Commitment. Vines was then charged with violating the terms of his Order of Civil Commitment. A jury convicted Vines for the offense of violating the terms of his civil commitment as a sexually

1

violent predator, a third-degree felony. *See* Act of May 27, 2007, 80th Leg., R.S., Ch. 1219, § 8, 2007 Tex. Gen. Laws 4109, 4110 (amended 2015) (current version at Tex. Health & Safety Code Ann. § 841.085 (West Supp. 2017). Vines was sentenced to life in prison.

On appeal in this Court, Vines's appellate counsel did not argue that the conduct for which Vines had been convicted had been decriminalized.[1] We affirmed the trial court's judgment of conviction. *See Vines v. State*, No. 09-14-00487-CR, 2016 Tex. App. LEXIS 2462 (Tex. App.—Beaumont Mar. 9, 2016) (mem. op., not

---

[1] Vines later filed a pro se letter and another Texas inmate filed an amicus brief in his appeal to this Court, wherein an argument was made that section 841.085 as revised decriminalized the conduct for which Vines had been convicted. We expressly did not address Vines's pro se argument or the amicus argument because Vines was not entitled to hybrid representation and an amicus brief may not raise an issue not raised by the parties. *See Vines v. State*, No. 09-14-00487-CR, 2016 Tex. App. LEXIS 2462, at \*\*2-3 n.1, 21 (Tex. App.—Beaumont Mar. 9, 2016) (mem. op., not designated for publication) (citing *Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006); *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 n.2 (5th Cir. 2003)), *rev'd*, No. PD-499-16, 2018 Tex. Crim. App. Unpub. LEXIS 198 (Tex. Crim. App. Feb. 7, 2018) (not designated for publication). Nevertheless, Vines raised the issue in his petition for discretionary review filed in the Court of Criminal Appeals. The Court of Criminal Appeals has held that a defendant may complain for the first time in a petition for discretionary review that a statute has been held to be void, and that such a complaint should be addressed in the interest of judicial economy. *See Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). Although the statute in question has not been held to be void, the amendment and decriminalization of certain violations has been held to be retroactive and the Texas Court of Criminal Appeals granted Vines relief and remanded the case to this Court.

2

designated for publication), *rev'd*, No. PD-499-16, 2018 Tex. Crim. App. Unpub. LEXIS 198 (Tex. Crim. App. Feb. 7, 2018) (not designated for publication).

Vines filed a petition for discretionary review with the Court of Criminal Appeals arguing that the Legislature had decriminalized the conduct for which he had been convicted. The Court of Criminal Appeals granted the petition for discretionary review, and applying its holding in *Vandyke v. State*, No. PD-0283-16, 2017 Tex. Crim. App. LEXIS 1311 (Tex. Crim. App. Dec. 20, 2017), vacated our prior judgment and remanded the case to this Court. 2018 Tex. Crim. App. Unpub. LEXIS 198, at *2.

Effective June 17, 2015, while Vines's appeal to this Court was pending, Senate Bill 746 amended Chapter 841 of the Texas Health and Safety Code in several respects. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2700, 2700-12. The savings clause to S.B. 746 provided that the change was applicable to any conviction not yet final. *Id.* at 2711. A judgment of conviction is not final while the conviction is on appeal. *See Vandyke*, 2017 Tex. Crim. App. LEXIS 1311, at **10-11 (citing *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014)).

Vines was initially charged with violating conditions of his civil commitment authorized by both subsections (a)(3) and (a)(4) of section 841.082 of the Health and

3

Safety Code as amended and renumbered. *See* Tex. Health & Safety Code Ann. § 841.082(a)(3), (a)(4) (West Supp. 2017). However, the State abandoned certain allegations in the indictment during trial, and the abandoned charges were not included in the trial court's jury charge. *See Vines*, 2016 Tex. App. LEXIS 2462, at *7 n.2. After remand to this Court, the State filed a Letter Brief stating that it did not oppose reversal of the trial court's judgment, and conceding that Vines was "convicted of violating a condition imposed under subsection (a)(3)—conduct which the Legislature retroactively decriminalized[]."[2]

At the time of Vines's indictment and trial, section 841.085(a) criminalized a violation of subsection (a)(4) of section 841.082. *See Vandyke*, 2017 Tex. Crim. App. LEXIS 1311, at *9. When the Legislature amended section 841.082, it re-designated former subsection 841.082(a)(4) as 841.082(a)(3). *Id.* Under the current version of section 841.085(a), a failure to participate in and comply with the treatment program provided by the Texas Civil Commitment Office is a violation of subsection 841.082(a)(3), but it no longer subjects the violator to criminal prosecution. *Id.* Because of these statutory changes, the conduct for which Vines was convicted is no longer a crime. *See id.* at *33.

---

[2] The allegations in the indictment for which Vines was prosecuted are detailed in our prior opinion. *See Vines*, 2016 Tex. App. LEXIS 2462, at **6-7.

4

Accordingly, we have no choice but to reverse Appellant's criminal conviction and render judgment dismissing the indictment. *See* Tex. R. App. P. 43.2(e) (permitting courts of appeals to "vacate the trial court's judgment and dismiss the case"), 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require."); *Vandyke*, 2017 Tex. Crim. App. LEXIS 1311, at *33; *Williams v. State*, Nos. 05-15-00336-CR & 05-15-00337-CR, 2016 Tex. App. LEXIS 3265, at *24 (Tex. App.—Dallas Mar. 30, 2016, no pet.) (mem. op., not designated for publication); *Mitchell v. State*, 473 S.W.3d 503, 504-05, 517-18 (Tex. App.—El Paso 2015, no pet.); *see also Posey v. State*, 545 S.W.2d 162, 163 (Tex. Crim. App. 1977) (an indictment must be dismissed if the facts alleged would not constitute a criminal offense).[3]

---

[3] Appellant remains subject to the Texas Civil Commitment Office's tiered program of treatment and supervision. He will remain in the civil commitment program until a court determines that he is no longer likely to engage in a predatory act of sexual violence. The Texas Civil Commitment Office determines which tier of the program, or what level of restrictions, Appellant will be placed in based on his behavior and the violations which gave rise to his vacated conviction. *See* Tex. Health & Safety Code Ann. § 841.081(a) (West 2017) ("The commitment order is effective immediately on entry of the order, except that the treatment and supervision begins on the person's release from a secure correctional facility and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence."); *Vandyke v. State*, No. PD-0283-16, 2017 Tex. Crim. App. LEXIS 1311, at *33 n.121 (Tex. Crim. App. Dec. 20, 2017).

VACATED AND DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on March 29, 2018
Opinion Delivered April 11, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.