

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00377-CR

———————————————

SARA ANNE WOODY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 57,635-A

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

A jury convicted Sara Anne Woody of three first-degree-felony counts of injury to a child with the intent to cause serious mental deficiency, impairment, or injury and assessed her punishment on each count at 45 years' imprisonment. *See* Tex. Penal Code Ann. § 22.04(a)(2), (e). In addition, the jury convicted Woody of 13 third-degree-felony counts of injury to a child with the intent to cause bodily injury and assessed her punishment on each count at ten years' imprisonment.[1] *See id.* § 22.04(a)(3), (f). The trial court sentenced Woody accordingly and ordered all 16 sentences to run concurrently. In one point, Woody asserts that the trial court erred by denying her motion to quash the indictment. We affirm.

In Woody's motion, she sought to quash the three first-degree-felony counts because they did not provide sufficient notice. Woody attacked the indictment, not the statute on which it was based. Nowhere in her motion did she attack the statute as facially void for vagueness.

But in her brief, she argues that "the statute under which she was charged is 'void for vagueness'" and thus that the trial court erred by overruling her motion. The State responds that Woody's appellate argument does not comport with her complaint at trial, so her point should be overruled. We agree. *See Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial objection does not comport with

---

[1]The indictment contained 27 counts. The jury found Woody not guilty on ten counts, and the State abandoned one other.

arguments on appeal, error has not been preserved."); *see also* Tex. Code of Crim. Proc. art. 1.14; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."); *cf. Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015) (upholding *Karenev* but permitting challenges based on a statute already held invalid). We overrule Woody's point.

Having overruled Woody's point, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 15, 2019