# IN THE SUPREME COURT OF TEXAS

No. 18-1041

IN RE COLTON LESTER, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BOYD, dissenting.

As the Court correctly observes, this is "an egregious case of the criminal-justice system gone wrong." *Ante* at __. And I applaud the Court's diligent effort to right that wrong. As JUSTICE BLACKLOCK correctly observes, however, the issue before us is not whether we think the state should compensate Colton Lester for wrongful imprisonment, but whether the Tim Cole Act authorizes such compensation under these circumstances. The Act authorizes compensation for a person who has "been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is *actually innocent* of the crime for which the person was sentenced." TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(B) (emphasis added). I join section I of JUSTICE BLACKLOCK's dissenting opinion, concluding that Lester's right to compensation depends not on whether we think Lester was "actually innocent" of the crime for which he was sentenced, but on whether the Court of Criminal Appeals granted Lester habeas relief for that reason. And I agree with JUSTICE BLACKLOCK that the Court of Criminal Appeals did not grant Lester relief based on actual innocence. But I agree with that conclusion for a completely different reason.

In 2014, Lester (then seventeen years old) sent a text message attempting to sexually proposition a minor. When charged with the crime of attempted online solicitation of a minor in violation of Texas Penal Code section 33.021(b),[1] he pleaded guilty. The court initially granted him five years of deferred adjudication, but he violated the terms of community supervision two years later. The court then declared him guilty of the offense and sentenced him to three years in prison.

But in 2013, the year *before* Lester sent the offending text message, the Texas Court of Criminal Appeals declared section 33.021(b) facially unconstitutional because it prohibited constitutionally protected speech and was not narrowly drawn to impose the least restrictive means to achieve the government's compelling interest in protecting children from sexual abuse. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When Lester engaged in the offending conduct in 2014, section 33.021(b) remained in the Penal Code as it existed in 2013. In 2015, the legislature amended the Code, revising section 33.021(b) to require an intent to commit particular offenses rather than an intent to arouse or gratify a person's sexual desire.[2] The Court of Criminal

---

[1] At the time the code provided:

> A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
> > (1) communicates in a sexually explicit manner with a minor; or
> > (2) distributes sexually explicit material to a minor.

*See* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167–68 (current version at TEX. PENAL CODE § 33.021(b)).

[2] The 2015 amendments revised the statute as follows:

> A person who is 17 years of age or older commits an offense if, with the intent to commit an offense listed in Article 62.001(5)(A), (B), or (K), Code of Criminal

2

Appeals has not yet considered whether the 2015 amendments corrected the constitutional problems identified in *Lo*.

Meanwhile, after serving two years of his prison sentence, Lester obtained a writ of habeas corpus setting aside his conviction based on the statute's unconstitutionality as declared in *Lo*. The writ did not expressly find or determine that Lester was actually innocent of the offense. Nevertheless, he sought compensation for wrongful imprisonment under the Tim Cole Act.

Lester is not the only person convicted under section 33.021(b) who later sought relief based on actual innocence. In 2015, the Court of Criminal Appeals granted habeas relief to two others on the ground that (as the Court had declared in *Lo*) the statute was unconstitutional. *Ex parte Fournier*, 473 S.W.3d 789, 796 (Tex. Crim. App. 2015). But the Court of Criminal Appeals specifically refused to grant relief on the ground of actual innocence. *Id.* Because the applicants in *Fournier* did "not contest that they engaged in the conduct for which they were convicted" and the "conduct on which the criminal prosecution was based still exists as a matter of historical fact," the Court concluded that they did "not assert true claims of actual innocence for which [habeas] relief may be granted." *Id.* at 793.

Lester finds himself in the same predicament. He does not deny that he engaged in conduct the Penal Code prohibited, and his conduct still exists as a matter of historical fact. Although he

Procedure ~~arouse or gratify the sexual desire of any person~~, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
    (1) communicates in a sexually explicit manner with a minor; or
    (2) distributes sexually explicit material to a minor.
*See* Act of May 11, 2015, 84th Leg., R.S., ch. 61, § 2, 2015 Tex. Gen. Laws 1036, 1036 (current version at TEX. PENAL CODE § 33.021(b)).

obtained habeas relief based on *Lo*'s declaration that the statute was unconstitutional, *Fournier* requires the conclusion that the relief was not based on actual innocence.

Instead of disagreeing with and rejecting the Court of Criminal Appeals' decision in *Fournier*, the Court attempts to distinguish it on the ground that the applicants in that case committed the offending conduct before *Lo* declared the statute unconstitutional, while Lester committed the conduct after *Lo*. According to the Court, Lester (unlike the *Fournier* applicants) obtained habeas relief declaring him actually innocent because his conduct was not "criminal at the time it was committed." *Ante* at ___. But the Court's attempt to distinguish this case from *Fournier* rests on a misunderstanding of the effect of the *Lo* decision declaring section 33.021(b) unconstitutional. I cannot agree with the Court's distinction because, as we explain in another case decided today, unconstitutional laws are void *ab initio* and invalid from inception. *See Ex parte E.H.* — S.W.3d —, — (Tex. May 15, 2020).

The United States Supreme Court explained long ago that an "unconstitutional law is void, and is no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void." *Ex parte Siebold*, 100 U.S. 371, 376 (1880). As a matter of law, section 33.021(b) was "'void from its inception . . . as if it had never been,'" and "is to be considered no statute at all." *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1998)). And, as we explain today in *E.H.*, "in the absence of the statute, no 'offense' ever occurred" under section 33.021(b), at least prior to its amendment in 2015. *E.H.*, — S.W.3d at —; *see Offense*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A violation of the law; . . . a crime . . . . "). If (as the Court of Criminal Appeals concluded) the applicants in *Fournier* were entitled to habeas relief, they were entitled to that relief because

4

section 33.021(b) was never valid to begin with, not because it became invalid when the Court of Criminal Appeals issued its decision in *Lo*. Under *Fournier*, those applicants, like Lester, were entitled to habeas relief, but they were not "actually innocent" of engaging in the conduct the statute prohibited.

Contrary to these well-established principles, the Court's holding today can only be correct if an unconstitutional statute is not *completely* void and ineffective until a court declares it to be unconstitutional. Under the Court's analysis, section 33.021(b) retained some unidentified effect after *Lo* declared it unconstitutional, prohibiting the *Fournier* applicants from being actually innocent because they committed the conduct before *Lo* but making Lester actually innocent because he committed the conduct after *Lo*. But an unconstitutional statute is void from its inception. *E.H.*, — S.W.3d at —. Its "'unconstitutionality dates from the time of [the statute's] enactment, and not merely from the date of the decision so branding it.'" *Reyes*, 753 S.W.2d at 383–84 (quoting 16 AM. JUR. 2d *Constitutional Law* § 256 (1979)).

As the Court explains, Lester "could not have 'commit[ted] the charged offense' of online solicitation of a minor because that offense, in fact, no longer existed." *Ante* at __. But under *Fournier*, his habeas relief was not based on a finding or determination of actual innocence. For both Lester and the *Fournier* applicants, the offense "no longer existed" from the time section 33.021(b) was enacted in 2007 because *Lo* declared the statute unconstitutional in 2013. Regardless of when the person committed the offending conduct, the conviction cannot stand because the statute's unconstitutionality prevented an offense from ever occurring. But whether the person committed the conduct before or after *Lo*, the person is not actually innocent because "*Lo* is irrelevant to whether [the person's] conduct was in fact committed." *Fournier*, 473 S.W.3d

5

at 793. Because Lester cannot meet the Tim Cole Act's requirement of "actual innocence," I would deny the petition for the writ of mandamus. I therefore respectfully dissent.

 

 

 

 

                                                  _____
                                                    Jeffrey S. Boyd
                                                    Justice

Opinion delivered: May 15, 2020