# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-18-00766-CR

**Bryan Wayne Whillhite, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-13-0586-SA, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

## O P I N I O N

Appellant Bryan Wayne Whillhite was charged with two offenses: sexual assault of a child, *see* Tex. Penal Code § 29.03, and online solicitation of a minor, *see id.* § 33.021(b). After Whillhite pleaded guilty to both offenses, the trial court placed him on deferred-adjudication community supervision for ten years. Whillhite did not appeal from the trial court's deferred-adjudication order.

Subsequently, on the State's motion, the trial court revoked Whillhite's deferred-adjudication community supervision, adjudicated his guilt, and assessed his punishment at seventy-five years' confinement for each offense, with the sentences to run concurrently. Whillhite appealed the trial court's decision to revoke his deferred adjudication to this Court. Pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738, 744 (1967), we

granted appointed counsel's motion to withdraw and affirmed the trial court's judgment adjudicating guilt.[1] *See Whillhite v. State*, No. 03-18-00766-CR, 2020 Tex. App. LEXIS 14, at \*2 (Tex. App.—Austin Jan. 3, 2020) (mem. op., not designated for publication), *rev'd*, No. PD-0095-20, 2020 Tex. Crim. App. Unpub. LEXIS 229, at \*4 (Tex. Crim. App. June 10, 2020) (not designated for publication).

Whillhite, appearing pro se, then filed a petition for discretionary review. On review, the Texas Court of Criminal Appeals determined that as to Whillhite's conviction for online solicitation of a minor, arguable grounds for direct appeal existed. *See Willhite*, 2020 Tex. Crim. App. Unpub. LEXIS 229, at \*4; *see also Whillhite v. State*, 601 S.W.3d 363 (Tex. Crim. App. 2020) (Yeary, J., concurring). Specifically, the court concluded that appointed counsel could have presented an argument that Whillhite's conviction for online solicitation of a minor was predicated on a statute that had been declared unconstitutionally overbroad, *see Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013), and that based on its prior opinions—namely, *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Smith v. State*, 463 S.W.3d 890 (Tex. Crim. App. 2015); and *Ex parte Shay*, 507 S.W.3d 731, 735 (Tex. Crim. App. 2016)—he could properly raise this issue on direct appeal from the revocation proceedings. *Whillhite*, 2020 Tex.

---

[1] Although not raised by Whillhite's appointed counsel, we noted in our opinion that the statute governing Whillhite's conviction for online solicitation of a minor, Section 33.021(b) of the Texas Penal Code, had been declared unconstitutional by the Texas Court of Criminal Appeals in 2013. *See Whillhite v. State*, No. 03-18-00766-CR, 2020 Tex. App. LEXIS 14, at \*1 n.1 (Tex. App.—Austin Jan. 3, 2020) (mem. op., not designated for publication) (citing *Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013)), *rev'd*, No. PD-0095-20, 2020 Tex. Crim. App. Unpub. LEXIS 229, at \*4 (Tex. Crim. App. June 10, 2020) (not designated for publication). Nevertheless, we concluded that Whillhite's conviction for the offense of online solicitation of a minor was not reviewable in this revocation-proceedings appeal, that the proper vehicle for such a challenge would be a habeas corpus proceeding brought under article 11.07, *see* Tex. Code Crim. Proc. art. 11.07, and that the record did not otherwise present any arguably meritorious grounds for review. *See id.*

Crim. App. Unpub. LEXIS 229, at *3-4. In accordance with the Court of Criminal Appeals's directive, we remanded the cause to the trial court for the appointment of new counsel and briefing on this issue. *Whillhite v. State*, No. 03-18-00766-CR, 2020 Tex. App. LEXIS 5597, at *3 (Tex. App.—Austin July17, 2020, no pet.) (mem. op., not designated for publication) (abatement on remand). Whillhite's substituted counsel has now filed a brief in which she argues that Whillhite's conviction for online solicitation of a minor should be reversed.

As a general rule, a defendant who is placed on deferred adjudication may raise issues relating to the original plea proceeding, including evidentiary sufficiency, only in an appeal taken when the deferred adjudication is first imposed. *Nix*, 65 S.W.3d at 667; *Jones v. State*, No. 03-10-00546-CR, 2013 Tex. App. LEXIS 5593, at *8 (Tex. App.—Austin May 8, 2013, no pet.) (mem. op., not designated for publication). Conversely, a defendant may not raise issues related to the original plea proceeding in an appeal of the revocation of his deferred adjudication; instead, in an appeal from revocation proceedings, the defendant is limited to challenging the grounds for revocation. *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed."). However, under the "void judgment" exception to this rule, a defendant appealing the judgment after his guilt is adjudicated may collaterally attack the original deferred-adjudication order if the order was void. *See Nix*, 65 S.W.3d at 667-68.

There is no dispute that after Whillhite was charged with online solicitation of a minor under Section 33.021(b) of the Penal Code but before the trial court placed him on deferred adjudication for the offense, the Court of Criminal Appeals issued *Ex parte Lo*, 424 S.W.3d at 19-24. In that opinion, the court declared that Section 33.021(b) of the Penal

Code is facially unconstitutional. *Id.* at 24. As a result, the issue now presented in this appeal is whether the trial court's deferred-adjudication order, to the extent that it was predicated on Section 33.021(b), was void and thus falls within the void-judgment exception. If the order was void, Whillhite's online-solicitation conviction under Section 33.021(b) may be challenged in this revocation-proceedings appeal, and because there is no valid law on which to base the conviction, the conviction must be reversed.

In *Smith*, the Court of Criminal Appeals considered whether an appellant could challenge his post-*Lo* conviction for online solicitation of a minor for the first time on direct appeal. 463 S.W.3d at 895. In concluding that the appellant could bring the challenge, the court rejected the State's assertion that the appellant was required to object in the trial court in order to preserve the issue for direct appeal. *Id.* at 894, 896 (distinguishing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that defendant could not raise facial challenge to constitutionality of statute for first time on appeal)). The court explained that when a statute has been declared facially unconstitutional, it is considered "void from its inception" or void *ab initio*. *Id.* at 895. "Thus, one consequence of declaring a penal statute unconstitutional and void is to put a conviction pursuant to that statute into the *Marin* 'category one'—an absolute right or legal requirement that is so fundamental that it cannot be forfeited or waived by those complaining thereafter." *Id.* at 896 (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (recognizing that there are three distinct categories of rules and that category one, "absolute requirements and prohibitions," includes right to be free from enforcement of statute that has been declared unconstitutional and void)). Similarly, in *Shay*, 507 S.W.3d at 735, the Court of Criminal Appeals held that an appellant is not barred by estoppel from seeking relief based on the invalidation of the statute under which he was convicted. Citing its decision in

4

*Smith*, the court reasoned that a conviction predicated on an unconstitutional statute deprives a trial court of subject-matter jurisdiction because it "is as if [the statute] never existed." *Id*. at 735 (citing *Smith*, 463 S.W.3d at 895).

Based on this precedent from the Court of Criminal Appeals, we conclude that a deferred-adjudication order based on Section 33.021(b) of the Penal Code—a statute that has been declared unconstitutional by the Court of Criminal Appeals—is void and under the "void judgment" exception, may be collaterally attacked as such in a revocation-proceedings appeal. *See Nix*, 65 S.W.3d at 667-68; *see also Shay*, 507 S.W.3d at 735; *Smith*, 463 S.W.3d at 895. Because there is no valid law upon which to base Whillhite's conviction for online solicitation of a minor, we reverse the judgment of adjudication as to this conviction and render a judgment of acquittal for the offense.[2]

As to Whillhite's conviction for sexual assault of a child, for the reasons set forth in our previous opinion, *see Whillhite*, 2020 Tex. App. LEXIS 14, at *2, we again conclude that the record presents no arguably meritorious grounds for review and that the appeal is frivolous. *See Anders*, 386 U.S. at 744. The judgment adjudicating guilt is affirmed as to Whillhite's conviction under Section 29.03.

---

[2] In his second and third issues on appeal, Whillhite contends that he received ineffective assistance of counsel when trial court counsel failed to object to the adjudication of his guilt on the ground that the online-solicitation-of-a-minor statute had been declared unconstitutional. Because we sustain Whillhite's first issue on appeal, we do not decide these issues. *See* Tex. R. App. P. 47.1.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed, in Part; Reversed and Rendered in Part on Remand

Filed:   May 27, 2021

Publish