

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00194-CR

MATTHEW RYAN STANBERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32183A, Honorable Dee Johnson, Presiding

February 9, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

After we issued our December 6, 2023 opinion in this case, Matthew Ryan Stanberry, Appellant, moved for rehearing and for en banc reconsideration. We deny Appellant's motion for rehearing and request for en banc reconsideration. We withdraw our opinion and judgment of December 6 and substitute this in its stead.

**BACKGROUND**

A grand jury indicted Appellant for the third-degree felony offense of stalking.[1] Appellant waived a jury trial and pleaded guilty in an open plea. After he was sentenced to eight years' confinement in the Texas Department of Criminal Justice, he appealed.

**ANALYSIS**

In his first issue, Appellant argues that the Texas stalking statute is facially unconstitutional because it is vague and/or overbroad. Specifically, Appellant asserts that section 42.072 of the Texas Penal Code does not pass constitutional muster in light of the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 2119, 216 L. Ed. 2d 775 (2023), in which the high court vacated a stalking conviction under a Colorado statute.

The State responds that Appellant failed to preserve this issue for our review. The State's argument is well-taken. "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).[2] To preserve a complaint for appellate review, a party must first present "to the trial court a timely request, objection, or motion" stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Further, the trial court must have "ruled on the request, objection, or

---

[1] *See* TEX. PENAL CODE ANN. § 42.072.

[2] An exception exists when the challenged statute has already been held unconstitutional. *See Smith v. State*, 463 S.W.3d 890, 896–97 (Tex. Crim. App. 2015). However, section 42.072 has not been held unconstitutional, making the exception inapplicable here.

motion, either expressly or implicitly; or . . . the complaining party objected to the [trial court's] refusal to rule." TEX. R. APP. P. 33.1(a)(2).

Appellant did not present his complaint about the alleged vagueness or overbreadth of the statute to the trial court. Therefore, the complaint has not been preserved for our review.[3] TEX. R. APP. P. 33.1(a); *Karenev*, 281 S.W.3d at 434. Accordingly, we overrule the first issue.

In his second issue, Appellant contends that the trial court erred when it failed to provide a separate punishment hearing. Appellant relies on *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992) (per curiam) (en banc), to support his claim that he was entitled to a separate hearing on punishment. Appellant's reliance on *Issa* is misplaced. *Issa* does not stand for the absolute right to a separate punishment hearing, but instead requires that a defendant be given the opportunity to present evidence in mitigation of punishment if not afforded an opportunity during the adjudication phase. *See Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999) (en banc); *Issa*, 826 S.W.2d at 161.

Here, Appellant entered a plea of guilty in a bench trial, which resulted in a unitary proceeding in which "the issues of guilt and punishment [are] submitted at the same time." *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001) (en banc); *see In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) ("[B]oth statute and caselaw are unequivocal that a plea of guilty causes the trial to become unitary."). Moreover, Appellant was given ample opportunity to present evidence in mitigation of punishment.

---

[3] Appellant argues that he could not have raised a constitutional argument because the *Counterman* decision on which he relies was not decided until after the trial court entered judgment. However, Appellant directs us to no authority holding that an exception to preservation-of-error requirements exists under such circumstances.

He testified regarding his educational and employment background, the circumstances of the offense, his family's efforts to intervene in his life, and his desire for therapy. Appellant told the trial court that he was ashamed of himself and wanted to get help. In closing arguments, his trial counsel set forth reasons why Appellant was a good candidate for probation. The record reflects that Appellant was afforded the opportunity to present punishment evidence in the proceeding. We overrule Appellant's second issue.

Finally, Appellant claims that the trial court erred in finding that he "does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals." The finding was reflected in the trial court's "Indigency Findings and Orders," which recited that the trial court "conduct[ed] the inquiry required" by article 42.15(a-1) of the Code of Criminal Procedure. The trial court assessed court costs totaling $375[4] and ordered that Appellant:

> shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If [Appellant] is unable to pay all of the fines and costs upon release, [Appellant] shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

Appellant argues that the trial court abused its discretion by imposing court costs without conducting an ability-to-pay hearing on the record. The State asserts that the cause should be remanded for a determination of "whether [Appellant] should or should not be liable for the court costs levied upon his conviction for stalking."

---

[4] No attorney's fees were included.

4

The Texas Code of Criminal Procedure provides:

> [A] court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . .; (3) waived in full or in part . . .; or (4) satisfied through any combination of methods under Subdivisions (1)–(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Article 42.15(a-1), as amended in 2021, requires that the inquiry into a defendant's ability to immediately pay be held on the record. *See Cruz v. State*, No. 14-21-00454-CR, 2023 Tex. App. LEXIS 2987, at *5–6 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted).

Here, the record does not show that the trial court conducted an on-the-record inquiry into Appellant's ability to immediately pay court costs. Nor does the record indicate that Appellant waived the requirement for such an inquiry as permitted by article 42.15(a-2). *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-2). However, the trial court made a written finding that Appellant did not have sufficient resources or income to pay costs immediately. Thus, although no on-the-record inquiry was made into Appellant's ability "to immediately pay all or part of the fine and costs," it is evident from the finding that the trial court determined that Appellant did not have sufficient resources or income to do so. *See, e.g., Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.) (where trial court ordered defendant's fines to be paid upon his release, it must have determined he lacked resources or income to pay immediately). Because the determination of the inquiry is apparent from the record, remanding for a "gratuitous inquiry" into Appellant's

5

ability to immediately pay costs would be an "unnecessary exercise and a waste of judicial resources." *Id.*

The trial court's order does not require Appellant to pay costs immediately, but instead requires payment upon Appellant's release on parole or completion of his sentence. This directive is consistent with article 42.15(a-1)(1)'s provision for payment "at some later date." If Appellant is unable to pay court costs upon his release, he may seek relief from the trial court at that time. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a) ("If a defendant notifies the court that the defendant has difficulty paying the fine and costs in compliance with the judgment, the court shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant."). Should the trial court determine that undue hardship exists, the court shall consider whether the costs should be satisfied through a different method. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(c).

Under these circumstances, we conclude that Appellant has not shown that the trial court abused its discretion in ordering Appellant to pay costs at a later date.

### CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.