In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00441-CR**
_____

**DENNIE THURMAN HOWELL JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR32593**

**MEMORANDUM OPINION**

A grand jury indicted Dennie Thurman Howell, Jr. and charged him with the offense of continuous sexual abuse of a child younger than fourteen stemming from multiple alleged incidents occurring between September 1, 2007 and October 17, 2015. *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2017).[1] The indictment alleged

_____

[1] We cite to the current version of the Penal Code provisions, as the amendments made to the cited statutes do not affect this appeal.

1

the victim was J.J. Rosabel, which is a pseudonym for the victim's actual name.[2]

More than thirty days before trial, the State filed its notice of intent to introduce extraneous offenses against three other complainants: Audrey Gayle, Justice White, and Skylar White.[3,4] After a trial, the jury convicted Howell of the felony offense of continuous sexual abuse of a child as charged in the indictment. *See id.* The jury assessed punishment at thirty-five years. Howell appeals his conviction.

In two issues Howell argues: (1) the trial court erred in admitting guilt-stage evidence of extraneous offenses allegedly committed against other children, in violation of amendments V and XIV of the United States Constitution, as well as statutes and rules; and, (2) the trial court erred in admitting guilt-stage evidence of extraneous offenses allegedly committed against other children, in violation of article I, section 10 of the Texas Constitution, as well as statutes and rules. We affirm the trial court's judgment.

---

[2] We identify the victim by the same pseudonym used in the indictment. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[3] At trial, these witnesses testified under pseudonyms, and we refer to them by these pseudonyms.

[4] Separate causes of action were pending against Howell for crimes allegedly committed against the other girls in Cause Nos. CR32342, CR32594, and CR32595. The State filed a notice of consolidation joining those causes with this case; however, Howell subsequently moved to sever those offenses prior to trial.

# I. Background

J.J. Rosabel, the complainant in this cause, was twelve years old at the time of trial. Howell was J.J.'s neighbor and a friend of J.J.'s mother, T.H., who occasionally cleaned Howell's house. Howell had an open door policy, and J.J. and T.H. came in and out of his home as they pleased. There were several occasions where J.J. spent the night at Howell's home at J.J.'s request.

The charges of aggravated sexual assault of a child arose out of multiple alleged incidents wherein Howell performed oral sex on J.J. and vaginally raped her. Additional allegations included Howell touching J.J.'s breasts and "private parts."

## A. Article 38.37 Hearing

Prior to trial, the court held a hearing outside the presence of the jury to determine whether the extraneous offenses would be admitted pursuant to Texas Code of Criminal Procedure article 38.37. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2017). The court determined that three other alleged victims could testify regarding Howell's extraneous offenses against them.

During this hearing, defense counsel did not ask any questions of the three witnesses who presented testimony of extraneous offenses allegedly committed against them by Howell. Defense counsel lodged the following "objection" at the conclusion of the hearing in response to the testimony of the two youngest witnesses:

3

Judge, I would point out that I believe the -- you know, relatively speaking to other matters that you've heard over the years, I think that the last two witnesses certainly are -- are -- the details are very thin, very thin, and I think the Court's determination is whether this is reliable.

## B. Trial Testimony Pertaining to J.J.

At trial, T.H. testified as an outcry witness. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2017). T.H. indicated her daughter did not appear afraid of Howell and even referred to him as her "adopted dad."

J.J.'s friend at school alerted a teacher about the alleged abuse, and the teachers called J.J. in to discuss it. On February 26, 2016, the school called T.H. to tell her that J.J. had allegedly been touched by Howell. T.H. picked J.J. up from school and took her to the police station to report it. T.H. then recounted for the jury J.J.'s allegations of multiple incidents of sexual abuse by Howell against J.J.

At trial, J.J. testified that Howell raped her and that it happened more than once. J.J. did not recall how old she was the first time it happened, but she was twelve the last time it happened. J.J. also testified that Howell touched her "private part" with his mouth, but she could not recall how old she was or how many times it happened.

J.J. was examined by a sexual assault nurse examiner on March 2, 2016. The nurse testified that J.J. identified Howell as her abuser and complained of oral,

4

digital, and penile penetration. The nurse also testified that J.J. reported that the abuse had been going on for two or three years, and it happened too many times to count. The nurse further testified regarding her finding an injury to J.J. during the exam which was highly suspicious of healed trauma and was consistent with evidence of penile penetration.

## C. Testimony of Extraneous Offenses

Following the article 38.37 hearing outside of the presence of the jury, the trial court determined the evidence presented at the hearing was adequate to support a finding by the jury that the defendant committed separate offenses against three other girls and that the three girls would be allowed to testify at trial. The two youngest children were members of Howell's family, Skylar, age eight, and Justice, age six. The third witness, Audrey Gayle, was an unrelated friend of Howell's daughter and was fourteen at the time of trial. All three witnesses testified to instances of alleged sexual abuse by Howell.

At trial, Skylar and Justice recounted abuse that occurred when they lived with Howell. Skylar testified that Howell took her out of her bed at night and brought her into his room. She also testified he touched her breasts with his hand. Skylar indicated Howell did this more than once, but she did not know how many times.

5

Justice testified that Howell touched her private with his mouth more than seven times, but she could not recall the first or last time that it occurred.

Audrey testified that Howell touched her inappropriately with his hands. Audrey could not recall how old she was the first time Howell touched her, but the first incident occurred more than a year before trial. She recounted multiple instances of inappropriate touching that occurred at Howell's deer lease, at his home, and in his swimming pool. At trial, she described an incident where she was spending the night with Howell's daughter, and she woke up to find Howell's penis inside of her. These incidents occurred over a number of weeks. The last incident involved Howell touching her breast, which occurred weeks after the vaginal penetration. After the last instance of abuse, Audrey told Howell's daughter and Howell's ex-wife, who immediately called Audrey's mother.

Prior to trial, Howell elected to have the jury assess punishment. The jury convicted Howell and assessed punishment at thirty-five years. This appeal ensued.

## II. Preservation of Error

In issues one and two, Howell complains that the admission of evidence of extraneous offenses violated his rights under the Fifth Amendment to the United States Constitution and under article I, section 10 of the Texas Constitution, as well as other statutes and rules. In support of these issues, Howell asserts four arguments

6

in his brief. First, he argues that the admission of the extraneous offenses violated constitutional protections and that allowing them amounted to "firing shotgun blasts of different accusations, blended together throughout a trial." Second, Howell contends article 38.37 facially only applies to extraneous acts committed against the child who is the victim of the alleged offense, in this case J.J. Third, Howell argues section 21.02 of the Penal Code does not contemplate allowing admission of extraneous offenses. *See* Tex. Penal Code Ann. § 21.02. Finally, Howell asserts allowing evidence of extraneous offenses violated Texas Rules of Evidence 401, 402, 403, and 404(b). *See* Tex. R. Evid. 401–404.

Generally, the State cannot submit evidence of prior bad acts, wrongs, or other acts to show that the defendant acted in accordance therewith or had a tendency to commit the crime. Tex. R. Evid. 404(b). However, there are exceptions to the general rule, and they are applicable to this case. In a trial of the sexual assault of a child, there are special circumstances that "'outweigh normal concerns associated with evidence of extraneous acts.'" *Alvarez v. State*, 491 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd)). Indeed, article 38.37 of the Texas Code of Criminal Procedure specifically allows for the introduction of a criminal defendant's extraneous offenses in such a case. *See* Tex. Code Crim. Proc. Ann. art. 38.37. The

7

statute was enacted to "authorize the admission of extraneous offense evidence committed by the defendant against the minor complainant named in the indictment." *Bezerra v. State*, 485 S.W.3d 133, 138 (Tex. App.—Amarillo 2016, pet. ref'd); Tex. Code of Crim. Proc. Ann. art. 38.37, § 1(b). Subsequently, the statute was amended and section 2(b) was added, stating

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). The amendment allows for the admission of evidence of extraneous offenses committed by the defendant against individuals other than the victim. *Aguillen v. State*, 534 S.W.3d 701, 711 (Tex. App.—Texarkana 2017, no pet.).

**A. Alleged Constitutional Violations**

Article 38.37 has been determined to be constitutional. *See Harris v. State*, 475 S.W.3d 395, 403 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). In determining the statute's constitutionality, the Houston court pointed to the procedural safeguards built into the statute prior to the admission of evidence of extraneous offenses. *See id.* at 402 (citing Tex. Code. Crim. Proc. Ann. art. 38.37, §

8

2-a(1), (2)). Before such evidence is introduced, the trial court must conduct a hearing outside the presence of the jury and determine the evidence likely to be admitted will be adequate to support a finding by the jury that the defendant committed the extraneous offense beyond a reasonable doubt. *Id.* During the hearing, defense counsel has the right to cross-examine the witnesses and challenge any testimony. *Id.* Furthermore, the State must provide defendant with notice at least thirty days prior to trial of its intent to introduce extraneous offenses. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 38.37, § 3. Extraneous offense evidence offered under article 38.37, section 2 must also meet the balancing test under Rule 403 if the defendant lodges a timely Rule 403 objection before it is admitted. *See Bezerra*, 485 S.W.3d at 140.

We now turn to Howell's two specific complaints on appeal. We must first address whether Howell's complaints were properly preserved for appellate review. Preservation of error is systemic and must be reviewed by a court of appeals, even when the issue is not raised by the parties. *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). To preserve a complaint for appeal, a party must make a timely, specific objection to the alleged error and obtain a ruling. Tex. R. App. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). A party must "'let the trial judge know what he wants, why he thinks he is entitled to it, and

to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena*, 285 S.W.3d at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Moreover, whether a party's complaint is preserved is contingent upon whether the complaint on appeal comports with the complaint made at trial. *Id.*

Potential constitutional violations are not immune from waiver if the party does not object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Facial constitutional challenges to statutes and as-applied constitutional challenges must be preserved in the trial court and cannot be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial constitutional challenge); *Curry v. State*, 910 S.W.2d. 490, 496 (Tex. Crim. App. 1995) (as-applied constitutional challenge). The complaining party must identify the provision of the constitution the statute violates. *Lovill v. State*, 319 S.W.3d 687, 692–93 (Tex. Crim. App. 2009). The exception to the requirement that an accused must raise a constitutional challenge at trial is when a statute has already been held void. *Smith v. State*, 463 S.W.3d 890, 895–96 (Tex. Crim. App. 2015).[5]

_____

[5] Our system has recognized three distinct types of rules pertaining to rights of criminal defendants: (1) absolute requirements and prohibitions which includes the right to be free from enforcements of a statute that has been declared void or unconstitutional; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented

Because article 38.37 has been held constitutional, Howell was required to raise timely constitutional objections with the trial court. *See Harris*, 475 S.W.3d at 403; *Smith*, 463 S.W.3d at 895. At the article 38.37 hearing, defense counsel did not cross-examine any witnesses regarding the alleged extraneous offenses. At the conclusion of the hearing, defense counsel stated,

> Judge, I would point out that I believe the -- you know, relatively speaking to other matters that you've heard over the years, I think that the last two witnesses certainly are -- are -- the details are very thin, very thin, and I think the Court's determination is whether this is reliable.

This was the only "objection" made by defense counsel during the hearing.

The foregoing statement by defense counsel fails to apprise the trial court of any constitutional complaints and thus, is insufficient to preserve any constitutional complaint. When Audrey, Skylar, and Justice testified in front of the jury regarding the alleged assaults Howell committed against them, the only objections made by defense counsel were "speculation," "leading," and "asked and answered."

---

upon request. *Marin v. State*, 851 S.W.2d 275, 278–81 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). A "category one" right is absolute and is so fundamental it cannot be forfeited or waived. *Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015). Unlike here, *Smith* dealt with a facially unconstitutional statute and therefore implicated a "category one" right not subject to waiver. *See id.* at 896–97.

11

While Howell argues the admission of extraneous offenses violated his constitutional rights, nowhere in the record is an objection urged on any constitutional ground. Because Howell's objections at trial fail to comport with his complaints of constitutional error on appeal, he failed to preserve these issues for our review. *See* Tex. R. App. P. 33.1(a); *Pena*, 285 S.W.3d at 464. We overrule issues one and two.

## B. Article 38.37 and Admissibility of Extraneous Offenses, Texas Rules of Evidence 404, 405, and Penal Code Section 21.02

While not framed as separate issues, Howell cites *Aguillen v. State* and Texas Rules of Evidence 404 and 405 for the proposition that extraneous offenses should not have been admitted in this case against him. *See* 534 S.W.3d at 701; Tex. R. Evid. 404, 405; Tex. Code. Crim. Proc. Ann. art. 38.37. He further contends the statute applies only to extraneous acts committed against the child who is the victim of the alleged offense. These arguments lack merit. As noted above, article 38.37 was amended to specifically allow evidence of extraneous offenses against other victims in cases involving sexual crimes against children. *See Aguillen*, 534 S.W.3d at 711. While the court in *Aguillen* concluded the evidence regarding extraneous offenses in that case should not have been admitted, the extraneous offenses there bore little similarity to the charged crime. *Id.* at 712. Aguillen was on trial for sexual assault of a child, but the extraneous offenses involved allegations of physical abuse

and not sexual abuse. *Id.* at 712. The Texarkana Court noted that "an extraneous offense committed by an accused against a third party must have some similarity to the charged offense; that is, it must at least involve sexual misconduct of some sort." *Id.* at 711. That is unlike the scenario before us. Each of the extraneous offenses Howell was accused of committing involved sexual assaults against young girls, and the allegations were similar to the offense charged in the indictment.

With respect to Howell's assertion the extraneous offenses were not admissible pursuant to Texas Rules of Evidence 404 and 405, article 38.37 expressly states such evidence may be admitted "[n]otwithstanding Rules 404 and 405[.]" Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b); *see also Vajda v. State*, No. 09-16-00371-CR, No. 09-16-00372-CR, No. 09-16-00378-CR, 2017 WL 6062469, at *4 (Tex. App.—Beaumont Dec. 6, 2017, pet. ref'd) (mem. op., not designated for publication) (concluding trial court did not err and Rule 404 did not preclude admission of extraneous offense evidence of the possession of child pornography in trial of sexual assault of a child). We also note that Howell failed to make a Rule 404 or 405 objection at trial.

Finally, Howell argues that section 21.02 of the Texas Penal Code does not contemplate a "shotgun" approach, with evidence of multiple victims when the State elects to include only one victim in the indictment. Article 38.37 expressly allows

for the admission of extraneous offenses in trials for charges of continuous sexual abuse of a *young child or children* under section 21.02. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(a)(1)(B) (emphasis added). The plain language of article 38.37 allows this type of evidence to be introduced even though the bad acts included multiple victims who were not the subject of the indictment. *See id.*

## C. Texas Rules of Evidence 401, 402, and 403

Although not presented as a distinct issue, Howell further asserts that the evidence of extraneous offenses should not have been admitted as such evidence was irrelevant and unfairly prejudicial. *See* Tex. R. Evid. 401–403. Generally, all relevant evidence is admissible. Tex. R. Evid. 402. Relevant evidence is evidence that tends to make a fact more or less probable or is of consequence in determining the action. Tex. R. Evid. 401. An exception to the general rule that relevant evidence is admissible is if a trial court concludes its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Tex. R. Evid. 403. There were no objections made at trial to the extraneous offense testimony of Audrey, Skylar, or Justice on the basis of relevance, unfair prejudice, or confusion of the issues. Therefore, Howell has failed to preserve these complaints for appeal. *See* Tex. R. Evid. 33.1(a).

### III. Conclusion

Because Howell's issues on appeal do not comport with his objections at trial, we conclude he failed to preserve them for appellate review. *See* Tex. R. App. P. 33.1(a). The judgment of the trial court is affirmed.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 18, 2018
Opinion Delivered July 11, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.